IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RUTHANN GOFF,

    Plaintiff,

vs.

GUARANTEE ELECTRIC COMPANY,

    Defendants.

Case No. 14-cv-766-SMY-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Motion for Summary Judgment (Doc. 28). For the following reasons, Defendant's motion is **GRANTED**.

This suit arises out of Plaintiff's claim that she was injured when she slipped on a zip tie at St. Elizabeth's Hospital on August 27, 2013. (Doc. 30, Ex. A 22, 29, 25). In November 2011, Defendant began work installing a fire alarm system at the hospital. (Doc. 30, Ex. B 8,10,14) The new fire alarm system was fully operational by June, 2013. (Doc. 30, Ex. D 26) The last day Defendant had a regular work crew at St. Elizabeth's was July 19, 2013. (Doc. 30, Ex. G) On August 2, 5, 6, 13, and 21, 2013, Mr. Schlau, the foreman on the project, visited St. Elizabeth's. However, he did not have a work crew with him and did not perform any work or use any zip ties in the hallway where Plaintiff fell. (Doc. 30, Ex. E) No work was performed by Defendant's employees on the fire alarm project between July 20, 2013 and August 27, 2013. (Doc. 30, Ex. E)

The day before the incident, Plaintiff saw three men working on ladders near the drop ceiling at three areas in the hallway near where she fell. (Doc. 30, Ex. A, 22-23). Plaintiff does not know the identity or employer of the men. (Doc. 30, Ex. A 22-23). However, Plaintiff did not think they were employees of the hospital because they were not wearing the typical

maintenance department uniform. (Doc. 30, Ex. A 18-19). Plaintiff did not see any debris on the floor, and she also did not see any zip ties near where the men were working. (Doc. 30, Ex. A 25-26).

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). The issue of fact must be "genuine." Fed. Rules Civ.Proc. 56(c), (e). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252. The district court may not resolve any conflicts in the testimony nor weigh the evidence, except to the extent of determining whether substantial evidence could support a jury verdict: "[A] mere scintilla of evidence will not suffice." *Von Zuckerstein v. Argonne National Laboratory*, 984 F.2d 1467, 1471 (7th Cir.1993).

In this case, Plaintiff has not proffered any evidence that would permit a fair-minded jury to return a verdict finding Defendant liable for her injury. There is no evidence that any employee of Defendant was present or working in the hallway in question at or near the time of the incident. While the representative of St. Elizabeth's Hospital testified that he could not rule out that Defendant's employees were working in the area where the plaintiff slipped, (Doc. 31, Ex. F 109) this testimony alone is insufficient to create a material issue of fact as to whether Defendant's employees were present in the hallway at or near the time of the incident. Further, there is no evidence that the zip tie Plaintiff slipped on originated from Defendant's employees.

Accordingly, the Court GRANTS Defendant's Motion for Summary Judgment (Doc. 28). As no counts remain pending, the Clerk of Court is directed to close the case and enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: April 16, 2015**

/s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**